UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

        Plaintiff,

   v.

SAN QUENTIN STATE PRISON; et al.,

        Defendants.
                                          /

No. C 11-5023 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

William Soto, an inmate at High Desert State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983, in which he complained about the conditions at San Quentin State Prison, where he previously was incarcerated. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
2 a right secured by the Constitution or laws of the United States was violated and (2) that the
3 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
4 U.S. 42, 48 (1988).

5    In his complaint, Soto alleges that conditions for protective custody inmates at San
6 Quentin were unpleasant. He alleges that other inmates were allowed to throw excrement on the
7 protective custody inmates, protective custody inmates were not allowed to go to the canteen for
8 several months, and protective custody inmates' mail has been found in the trash. The complaint
9 is long on generalities and short on details. Soto must file an amended complaint to correct the
10 following deficiencies.

11    First, Soto cannot complain about wrongs against other inmates. In his amended
12 complaint, he may assert only claims for violations of *his* constitutional rights. *See Russell v.
13 United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no
14 authority to represent anyone other than himself"). Other inmates must file their own actions
15 if they want to assert violations of their constitutional rights.

16    Second, Soto has not alleged with any clarity who did what to him or when the events
17 occurred. For each instance in which his constitutional rights allegedly were violated, Soto
18 should (a) identify the date on which the event occurred, (b) identify each defendant by name
19 who caused the alleged violation of his constitutional rights, and (c) describe what happened.
20 With regard to the defendants, he should describe what each defendant did (or failed to do) that
21 caused a violation of his constitutional rights so that each proposed defendant has fair notice of
22 his allegedly wrongful conduct. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability
23 under § 1983 arises only upon a showing of personal participation by a defendant). He should
24 not refer to defendants as a group, such as by calling them "defendants" or "the staff," as that
25 does not fairly inform any particular person of plaintiff's claim against him or her.

## CONCLUSION

28    For the foregoing reasons, the complaint is dismissed with leave to amend. The amended

complaint must be filed no later than **April 13, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: March 5, 2012

_____
SUSAN ILLSTON
United States District Judge

3